# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

STEVEN C. DURKEE,
          Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
          Agency,

     and

LISA M. DURKEE (LINDBERG),
          Intervenor.

DOCKET NUMBER
CH-0841-16-0034-X-1

DATE: July 5, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Steven C. Durkee</u>, Litchfield, Minnesota, pro se.

<u>Angerlia D. Johnson</u> and <u>Gwendolyn Johnson</u>, Washington, D.C., for the
   agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1 This compliance proceeding was initiated by the appellant's May 3, 2016 petition for enforcement of the Board's February 17, 2016 Order, which reversed the decision by the Office of Personnel Management (OPM) to reduce the appellant's retirement annuity to provide an annuity for his former spouse. *Durkee v. Office of Personnel Management*, MSPB Docket No. CH-0841-16-0034-C-1, Compliance File (CF), Tab 1; *Durkee v. Office of Personnel Management*, MSPB Docket No. CH-0841-16-0034-I-1, Initial Appeal File, Tab 19, Initial Decision. On June 23, 2016, the administrative judge issued a compliance initial decision finding OPM not in compliance with the February 17, 2016 Order, and OPM's noncompliance was referred to the Board for consideration. CF, Tab 3, Compliance Initial Decision (CID). For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

¶2 The administrative judge's compliance initial decision found that OPM was not in compliance because it failed to submit any response to the appellant's petition for enforcement. CID at 3. As a result, the administrative judge ordered OPM to take the following actions: (1) recalculate the appellant's retirement annuity in accordance with the Board's February 17, 2016 Order; (2) issue a final decision explaining fully the basis for its calculation of the appellant's annuity; (3) advise the appellant of his right to file an appeal with the Board if he disagreed with that new decision; and (4) tell the appellant promptly in writing when it believed it had fully carried out the Board's Order and to describe the actions it took to carry out the Board's Order. CID at 3-4.

¶3 On July 5, 2016, the appellant submitted a pleading in response to the compliance initial decision. *Durkee v. Office of Personnel Management*, MSPB Docket No. CH-0841-16-0034-X-1, Compliance File (CRF), Tab 1. In the pleading, the appellant stated that he recently had received a "Notice of Annuity Adjustment" from OPM, which appeared to indicate that OPM finally had

recalculated the appellant's annuity in accordance with the Board's Order. *Id.* at 1-2. However, OPM's letter did not satisfy its burden to prove compliance because the letter lacked an explanation as to how OPM recalculated the appellant's annuity in accordance with the Board's Final Order; an indication as to whether the document would serve as OPM's final decision regarding the appellant's annuity; a statement describing the appellant's rights to appeal the decision; and a statement declaring that OPM had fully carried out the Board's Order or describing the actions it took to carry out the Board's Order. *Id.* As a result, on February 24, 2017, the Board ordered OPM to provide this information. CRF, Tab 4.

¶4   On August 10, 2017, OPM submitted a pleading in response to the Board's February 24, 2017 Order. CRF, Tab 5. In its submission, OPM explained its recalculation of the appellant's annuity, along with instructions to the appellant concerning how to request reconsideration of the annuity decision from OPM. *Id.* at 4-19. A review of OPM's submission does not reveal any error in its recalculation of the appellant's annuity. Additionally, on August 15, 2017, the appellant confirmed to a representative of the Board's Office of the General Counsel that he was satisfied with OPM's submission and did not intend to file a response. Therefore, based on OPM's submission and the appellant's statement, we find that OPM is now in full compliance with the Board's February 17, 2016 Order.[2]

¶5   Accordingly, the Board finds that OPM is in compliance and dismisses the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(b) (5 C.F.R. § 1201.183(b)).

---

[2] Although OPM was required to issue a final decision, we find that OPM's issuance of an initial decision with reconsideration rights does not render its effort to reach compliance deficient because the appellant has indicated his satisfaction with OPM's submission.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                   /s/ for
                                          _____
                                          Jennifer Everling
                                          Acting Clerk of the Board
Washington, D.C.